IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WADE N.,[1]

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Civ. No 6:19−cv−00605−CL

**OPINION AND ORDER**

MARK D. CLARKE, Magistrate Judge.

    Plaintiff Wade N. seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying his claim for disability insurance benefits (DIB) and supplemental security income (SSI). Full consent to Magistrate jurisdiction was entered on May 28, 2019. (#4). For the reasons below, the Commissioner's decision is AFFIRMED.

## BACKGROUND[2]

    Plaintiff was born on September 28, 1970 and is considered a younger individual. He alleges disability due lumbar disc degeneration and stenosis, a bulging lumbar disc, obesity, arthritis and numbness in his right leg. Tr. 249.

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party or parties, and any relations, in this case.

[2] The following recitation constitutes a summary of the pertinent evidence within the Administrative Record and does not reflect any independent finding of fact by the Court. Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record filed herein as Docket No. 14.

Plaintiff protectively filed applications for Social Security Disability benefits and Supplemental Security Income benefits on 11/21/14 and was found not disabled by the Administrative Law Judge (ALJ) in a decision dated 4/19/18. Tr. 12-15. The Appeals Council declined review of that decision on 3/24/2019. Tr. 1. Plaintiff timely appealed the final decision of the Commissioner to the United States District Court.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r. Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity"? 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii);

      416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3.     Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds to the "residual functional capacity" ("RFC") assessment.

    a.   The ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's RFC. This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.     Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.     Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954-55 (9th Cir. 2001).

    The claimant bears the burden of proof at steps one through four. *Id.* at 954. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999) (internal citations omitted); *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work

Page 3 of 13 – OPINION and ORDER

which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 954-55; *Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS

Applying the above analysis, the ALJ made the following findings:

1. Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2016.

2. Plaintiff has not engaged in substantial gainful activity since September 28, 2011 the application date.

3. Plaintiff has the following severe impairments: Status Post Right Knee Surgeries and Degenerative Joint Disease (DJD), Lumbar Spine Degenerative Disc Disease (DDD) and DJD.

4. Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.

5. Plaintiff has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he cannot climb ladders, ropes, or scaffolds. He can occasionally climb stairs and ramps. He cannot crawl. He can only occasionally balance, stoop, kneel, and crouch. He can occasionally use foot controls with his right foot. He can only have occasional exposure to vibration, extreme cold temperatures, and hazards such as open flame, open water, open heights, and open machinery. He must use a cane to ambulate.

6. Plaintiff is unable to perform any past relevant work.

7. Plaintiff was born on September 28, 1970, and was 41 years old, which is defined as a younger individual age 18-44, on the alleged onset date. He subsequently changed age categories to a younger individual aged 45-49.

8. Plaintiff has a high school education (GED) and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that he is "not disabled" whether or not he has transferable job skills.

10. Considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the Plaintiff can perform.

Consequently, the ALJ concluded that Plaintiff is not disabled as defined by the Social Security Act. Tr. 30.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "'Substantial evidence' means 'more than a mere scintilla but less than a preponderance,' or more clearly stated, 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

Where the evidence before the ALJ is subject to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Batson*, 359 F.3d at 1198 (citing *Andrews*, 53 F.3d at 1041). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins v. Soc. Sec.*

*Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock*, 879 F.2d at 501). Additionally, a reviewing court "cannot affirm the [Commissioner's] decision on a ground that the [Administration] did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citations omitted). Finally, a court may not reverse an ALJ's decision on account of an error that is harmless. *Id.* at 1055-56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

Even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968). Under sentence four of 42 U.S.C. § 405(g), the reviewing court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing.

## DISCUSSION

Plaintiff presents the following issues:

1. Did the ALJ properly evaluate the medical opinion of Dr. Baculi?
2. Did the ALJ properly evaluate Plaintiff's subjective symptom testimony?
3. Did the ALJ properly assess the lay witness statement?
4. Did the ALJ properly formulate the RFC?

The Court finds that the ALJ properly evaluated the evidence, including Dr. Baculi's opinion, Plaintiff's subjective symptom testimony, and the lay witness statement. The RFC was properly formulated and included all of Plaintiff's limitations that were based on substantial evidence. The ALJ's decision is affirmed.

**I.     The ALJ properly evaluated Dr. Baculi's opinion.**

Plaintiff was referred to Dr. Raymond M. Baculi, M.D., by his treating provider, Esther Brown, FNP, for a functional capacity evaluation. Tr. 44, 690. Since Dr. Baculi conducted an in-person evaluation, he is an examining physician and the ALJ must consider that as a factor under the regulations. 20 C.F.R. §§ 404.1527 (c)(1)-(6); 416.927(c)(1)-(6). Dr. Baculi's examining physician opinion was contradicted by the State agency consultants and as such, the ALJ must provide specific and legitimate reasons in order to discount his opinion. *Lester v. Chater,* 81 F.3d 821, 830 (9th Cir. 1995), as amended (Apr. 9, 1996).  Under SSA regulations, the more a medical source "presents relevant evidence to support an opinion," and "[t]he better an explanation a source provides for an opinion, the more weight we will give that opinion." 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3). Thus, ALJs may permissibly reject check-off reports that do not contain adequate explanation of the bases of their conclusions. *Molina v. Astrue,* 674 F.3d 1110, 1111 (9th Cir. 2012).

Dr. Baculi completed a check-box form assessing Plaintiff's limitations.  He opined that Plaintiff could sit about 6 hours in an 8 hour day but needed to be able to recline as needed; needed to alternate sitting and lying down; was limited to standing/walking less than two hours a day; could not lift more than 10 pounds; would need one mini-break of 5 to 10 minutes per hour in excess of normal breaks; and would have occasional (from 1/2 to 2½ hours per day) decreased functioning in his attention and concentration, attendance/tardiness, and ability to work at a constant pace without needing extra breaks. Tr. 690-93. He indicated that his assessment was supported by patient report, imaging studies and evaluation by specialists. Tr. 691-92.

The ALJ assigned little weight to Dr. Baculi's opinion on the grounds that there were no accompanying medical records of him treating claimant; he indicated his assessments were supported by the claimant's report, imaging studies and evaluations by specialists yet he did not

indicate which records he was referring to; and the objective medical evidence did not support the limitations he identified. Tr. 28.

Dr. Baculi is a doctor at the same medical clinic as Plaintiff's primary care provider. As a result, he had access to Plaintiff's medical chart including the imaging and specialist reports. Tr. 396-97, 450. However, he did not cite the specific records on which he relied to formulate his opinion. This is a specific and legitimate reason to discount his opinion. An ALJ may reject a medical opinion that is brief, conclusory, and inadequately supported by clinical findings. *Thomas v. Barnhart,* 278 F.3d 947, 957 (9th Cir. 2002).

Moreover, the ALJ noted Dr. Baculi did not explain his medical and/or clinical findings in his assessment of Plaintiff's level of functioning. Tr. 28, 493. The regulations specify that the more a medical source "presents relevant evidence to support an opinion," and "[t]he better an explanation a source provides for an opinion, the more weight we will give that opinion." 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3). Thus, the ALJ permissibly rejected Dr. Baculi's check-off report, which did not contain an adequate explanation of the bases of his conclusions.

The ALJ also indicated that Dr. Baculi's opinion was not supported by objective medical evidence. In support, he cited Plaintiff's physical exams showing normal range of motion, reflexes, muscle tone and coordination. Tr. 28. Plaintiff argues that the ALJ failed to acknowledge the numerous supportive clinical findings including Plaintiff's consistently abnormal gait, limited range of motion, decreased muscle strength and muscle spasms. *See, e.g.*, tr. 391, 420, 523, 634, 700. The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). This is particularly true when the medical evidence is conflicting, as it is within the ALJ's purview to reconcile such conflicts. Plaintiff argues for a different weighing of the

medical evidence, which was thoroughly discussed by the ALJ, and an alternative, more severe determination of Plaintiff's limitations. Plaintiff's interpretation of the evidence is reasonable, but so is the ALJ's interpretation. The ALJ interpreted all the evidence rationally and gave several valid reasons supporting his analysis. He cited to Plaintiff's treating, examining, and reviewing practitioners to articulate an RFC assessment based on substantial evidence within the record. Thus, substantial evidence supports the ALJ's assessment regarding Plaintiff limitations and his decision should be upheld.

## II.     The ALJ properly evaluated Plaintiff's subjective symptom testimony.

When deciding whether to accept the subjective symptom testimony of a claimant, the ALJ must perform a two-stage analysis. In the first stage, the claimant must produce objective medical evidence of one or more impairments which could reasonably be expected to produce some degree of symptom. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The claimant is not required to show that the impairment could reasonably be expected to cause the severity of the symptom, but only to show that it could reasonably have caused some degree of the symptom. *Id.*

In the second stage of the analysis, the ALJ must consider the intensity, persistence, and limiting effects of the alleged symptoms based on the entire record. SSR 16-3p at *7-8. The ALJ will consider the "[l]ocation, duration, frequency, and intensity of pain or other symptoms" reported by the claimant, any medical sources, and any non-medical sources. *Id.* The ALJ's decision must contain "specific reasons for the weight given to the individual's symptoms, be consistent with and support by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." *Id.* Additionally, the evidence upon which the ALJ relies must be substantial. *See Holohan v.*

*Massinari*, 246 F.3d 1195, 1208 (9th Cir. 2001); *Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991). In rejecting claimant's testimony about the severity of her symptoms, the ALJ must give "specific, clear and convincing reasons for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015).

Plaintiff alleges an inability to work due to degenerative disc disease, obesity, numbness in his right leg, constant lower back pain and right knee pain. The ALJ determined that Plaintiff's testimony was not supported by the objective medical evidence and that his daily activities suggested a level of functioning greater than he alleged. Tr. 22, 27. In finding that the objective evidence undermined Plaintiff's complaints, the ALJ provided a summary of the medical evidence. Tr. 22-27.

Courts may draw reasonable inferences from an ALJ's discussion of the evidence. *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989). The ALJ did not make specific findings as to what testimony he intended to reject based on his summary, but the summary included multiple instances where Plaintiff made claims of severe pain symptoms that were not supported by clinical observations or physical abnormalities. The ALJ noted multiple instances where Plaintiff's treating providers recommended conservative treatment options such as physical therapy, water therapy, weight loss, and smoking cessation, and where providers recommended treatment options that Plaintiff did not pursue or follow through with, such as palliative injections. Tr. 26-27. The ALJ also noted that, despite his reports of back pain, Plaintiff performed well during physical examinations. Tr. 25. In support, the ALJ cited normal muscle strength and normal electrodiagnostic tests. Tr. 25. Based on these citations and discussion of the evidence, the Court can infer that the ALJ reasonably determined that Plaintiff's limitations are not as severe as his subjective symptom complaints.

Additionally, the ALJ reasonably found that Plaintiff's daily activities were inconsistent with his subjective complaints and claimed limitations. An ALJ may discredit a Plaintiff's subjective complaints by identifying inconsistencies between his complaints and activities of daily living. *Burch v. Barnhart,* 400 F.3d 676, 680-81 (9th Cir. 2005*); Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995). The ALJ found that Plaintiff's abilities to clean around his home, cook, do the laundry, go grocery shopping, and mow the lawn were consistent with an ability "at least perform work at the sedentary level and are inconsistent with the disabling levels of symptoms alleged… they suggest a level of functioning greater than what he has alleged in his application and testimony." Tr. 27.  This is specific, clear and convincing reason to discount the alleged severity of Plaintiff's impairments.

Finally, the ALJ raised multiple other reasons to discount the alleged severity of Plaintiff's subjective complaints, including a conservative treatment history and evidence of significant medical improvement with treatment, among others. The ALJ properly evaluated Plaintiff's subjective symptom testimony and determined that the severity of his limitations and impairments were not supported by the record.

### III.     The ALJ properly evaluated the lay witness statement.

It is well-established that an ALJ must consider testimony from lay witnesses submitted on behalf of a claimant. 20 C.F.R. §§ 416.929(c)(3), 416.945(a)(3). The Commissioner's regulations do not require any explicit discussion of lay witness testimony in the ALJ's decision. *See* SSR 06-03p (recognizing that "there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision"). However, within the Ninth Circuit, lay witness testimony cannot be disregarded without comment. *Molina v. Astrue*, 674 F.3d 1110, 1114 (9th Cir. 2012) (citing *Nguyen v. Chater,* 100

F.3d 1462, 1467 (9th Cir. 1996)). "Other source" opinion evidence may be discounted by an ALJ if the ALJ "gives reasons germane to each witness for doing so." *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010).

The ALJ specifically reviewed the written evidence from Ms. Wilcox, Plaintiff's girlfriend and roommate, and accorded it little weight. Tr. 28. In so doing, the ALJ noted Ms. Wilcox did not go into detailed specifications of Plaintiff's physical capacities or mental capacities and restrictions. Tr. 28, 290- 97. The ALJ stated that since Ms. Wilcox was not medically trained to make exacting observations as to dates, frequencies, types and degrees of medical signs and symptoms, or of the frequency or intensity of unusual moods or mannerisms, the accuracy of her statements was questionable. Finally, the statements were given little weight because they, like Plaintiff's statements, were simply not consistent with the preponderance of the opinions and observations by the medical doctors in this case.

Lack of medical training is not a germane reason to discount the statements of a lay witness, which by its nature will never be based on such training.  However, the lack of detail and specificity as to Plaintiff's capacities and limitations is a germane reason, and "[i]nconsistency with medical evidence" is a germane reason for discounting lay witness testimony. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). Accordingly, the ALJ provided germane reasons for rejecting Ms. Wilcox's lay witness statements.

**IV.    The ALJ properly formulated the RFC.**

Plaintiff's argument regarding the formulation of the RFC and step five determination are entirely dependent on the previous arguments regarding Dr. Baculi's opinion and the subjective symptom testimony.  Therefore, because that evidence was properly evaluated, the Court finds no reason to overturn or revaluate the RFC and the ALJ's determination at steps four and five.

**ORDER**

Based on the foregoing, the decision of the Commissioner is AFFIRMED and this case is dismissed.

It is so ORDERED and DATED this __24__ day of March, 2021.

_____
MARK D. CLARKE
United States Magistrate Judge